UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH MORRIS KRETZER,<br><br>Plaintiff,<br><br>v.<br><br>UHAUL CORPORATION,<br><br>Defendant. | Case No. C18-1681-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Kenneth Morris Kretzer is currently confined at the Pierce County Jail in Tacoma, Washington. Plaintiff, who is proceeding *pro se*, has filed an application to proceed *in forma pauperis*, Dkt. 1, as well as a proposed amended civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 1; Dkt. 6. After careful consideration of plaintiff's IFP application, proposed amended complaint, the governing law, and the balance of the record, the Court recommends that the proposed amended complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted, and the IFP application be DENIED as MOOT. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

In his initial proposed complaint, plaintiff alleged that the sole defendant in the case, UHaul Corporation, violated his right to privacy by releasing his "rental information to the

REPORT AND RECOMMENDATION
PAGE - 1

Kent Police without proper authority of law." Dkt. 1-1 at 3. Specifically, he asserted that "this action by UHaul violated my privacy rights, as a UHaul customer, United States citizen, [and under the] 4th Amendment, and Washington State Constitution, Article I, Section 7. These actions led to my illegal detainment and arrest by the Kent Police on that same day." *Id*. Plaintiff sought $1,500,000 in damages due to the loss of personal items taken from the rental truck following his arrest, as well as pain, suffering, and humiliation. *Id*.

On November 29, 2018, the Court issued an Order directing plaintiff to show cause why his case should not be dismissed for failure to state a claim, as his claims for loss of his personal property in the UHaul do not violate any specific right afforded by the Constitution or a federal statute. In addition, UHaul is a private corporation, and not a state actor who may be held liable under 42 U.S.C. § 1983. Dkt. 4 at 2-3.

Plaintiff filed an amended civil rights complaint on December 10, 2018 in response to the Order to Show Cause. Dkt. 6. Specifically, plaintiff asserts the same claims but names the owner/manager of the UHaul business in Auburn, Washington, as well as several Kent Police Officers, as defendants. *Id*. at 6. Plaintiff claims that the named defendants violated his rights when the officers requested, and the UHaul manager provided, plaintiff's rental information during the police officers' investigation of a theft. *Id.* Plaintiff reiterates that the defendants' actions ultimately resulted in his arrest and confinement, loss of his work tools from the UHaul truck, loss of work, pain, suffering, and humiliation. *Id.*

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second

REPORT AND RECOMMENDATION
PAGE - 2

prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff's claims for loss of his personal property in the UHaul following his arrest, as well as any claim for breach of contract with UHaul, do not violate any specific right afforded by the Constitution or a federal statute.[1] Even if the Court were to grant plaintiff leave to amend his complaint to plead additional facts, such amendment would be futile because the nature of his claims do not implicate federal constitutional concerns.

In addition, the manager of UHaul is not a state actor. As noted above, a defendant may be held liable under § 1983 only if the defendant was acting under color of state law at the time of the alleged constitutional violation. Acting "under color of state law" requires that a defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiff has not demonstrated that by cooperating with an active police investigation, the UHaul manager acted in concert with state actors to violate his federal rights. To the extent plaintiff wishes to pursue his claims regarding the conduct of the Kent Police officers leading up to his arrest, he should

---

[1] Moreover, it is not clear that plaintiff has any reasonable expectation of privacy in his name and contact information provided to UHaul.

REPORT AND RECOMMENDATION
PAGE - 3

seek leave to amend his complaint to pursue those claims in his ongoing case, Kr*etzer v. Burns, et. al.*, C18-1682-BJR-MAT.

Accordingly, the Court recommends that this proposed § 1983 action be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and that plaintiff's IFP motion, Dkt. 1, be DENIED as MOOT.

A proposed order accompanies this Report and Recommendation. The Clerk is directed to send copies of this Order to plaintiff and to the Honorable James P. Donohue.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **January 30, 2019**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 1, 2019.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 10th day of January, 2019.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4